UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**PATRICK COLLINS, INC.,**

    **Plaintiff,**

**V.**                                  **Case No: 2:12-cv-402-FtM-99SPC**

**JOHN DOES 1-31,**

    **Defendant.**
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #7) filed on August 20, 2012. In support of its Motion, Plaintiff attached its Memorandum of Law (Doc. #7-1) and a Declaration of Tobias Fieser (Doc. #7-2).

On July 26, 2012, Plaintiff Patrick Collins, Inc. filed the instant copyright infringement action (Doc. #1) alleging that each John Doe Defendant is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff has now filed the instant motion to take early discovery. Plaintiff alleges that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requests that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identify information for the John Doe Defendants so that Plaintiff may complete service of process on them.

Plaintiff states that it owns a copyright to the motion picture entitled "Performers of the Year 2012." Pl. Compl. at ¶ 11, pg. 3. Plaintiff alleges that the John Doe Defendants, without

Plaintiff's consent or permission, used a BitTorrent protocol and a BitTorrent client to reproduce and distribute the film or portions of the film. As a result, Plaintiff alleges that it has incurred monetary damages, including lost sales, price erosion and a diminution of the value of its copyright. Plaintiff seeks monetary and injunctive relief, and costs and attorneys' fees.

With regard to the instant Motion, Plaintiff alleges that it does not know Defendants' names and addresses and therefore is unable to locate them to effect service of process. Plaintiff has been able to obtain only the IP addresses for each of the Defendants and the ISP for each IP address. Plaintiff requests that the Court allow Plaintiff to serve Rule 45 third-party subpoenas on each ISP listed in Exhibit A of its Complaint (Doc. #1-1) so that Plaintiff may obtain the names and contact information of the John Doe Defendants.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. Proc. 26(d). Pursuant to Federal Rule 26(b), courts may order discovery of any relevant matter for good cause. Courts who have dealt with these sorts of cases generally consider whether a plaintiff has shown "good cause" for the early discovery. Partick Collins. V. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards). "A plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal.

2

2008). In addition, some courts also analyze a defendant's First Amendment right to privacy in determining whether to allow the discovery. In these cases, courts require Plaintiff to (4) specify the discovery requested, (5) demonstrate a central need for the subpoenaed information to advance the asserted claims, and (6) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004).

In this case, Plaintiff has satisfied the above-listed factors. First, Plaintiff has made a concrete showing of a prima facie claim of copyright infringement. Plaintiff attached a screen shot of a copyright database showing that Patrick Collins, Inc. holds the copyright for the motion picture "Performers of the Year 2012." (Doc. #1-2). Additionally, Plaintiff's research has indicated that the movie has been infringed upon and as able to isolate the transactions and the IP addresses being used on the BitTorrent protocol and a BitTorrent Client to reproduce, distribute, display, or perform Plaintiff's copyrighted work. (Doc. #1, ¶36-42, #7-2).[1] Moreover, the use of such programs to download copyrighted music infringes copyright. In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004).

Second, Plaintiff has established that it lacks any means of obtaining the subpoenaed information. Plaintiff only has the IP addresses and cannot locate any further information. Rather, once the IP addresses, plus the date and time of the detected and documented infringing activity are provided to the ISP, the ISPs can access the identifying information of the subscriber. It appears that Plaintiff has taken all of the steps it can to identify the John Doe Defendants.

---

[1] Plaintiff hired IPP, Limited, a company that provides among other things, forensic investigation services to copyright owners. Mr. Fieser is employed by IPP. Fieser, in the Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #7-2, ¶ 6), stated that he "routinely identif[ies] the Internet Protocol (IP") addresses that are being used by those people that are suing the BitTorrent protocol to reproduce, distribute, display or perform copyright works."

Third, Plaintiff through the Declaration of Tobias Fieser, informs the Court that "[m]any ISPs only retain the information sufficient to correlate an IP address to a person at a given time for a very limited amount of time." (Doc. #7-2, ¶ 11). Thus, there is a chance that the ISPs will destroy the logs needed by Plaintiff.

Fourth, Plaintiff has sufficiently described the John Doe Defendants by listing the IP address assigned to them on the day Plaintiff alleges each Defendant engaged in the infringing conduct in a chart (Doc. #1-1) in Exhibit 1 of its Complaint.

Fifth, Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.

Sixth, and finally, Plaintiff's interest in knowing Defendants' true identities outweighs Defendants' interests in remaining anonymous. Plaintiff has a strong legitimate interest in protecting its copyrights and it has been held that copyright infringers have no legitimate expectation of privacy in the subscriber information they provide to ISPs. "[A] number of other jurisdictions who have deemed that a file sharer's First Amendment right to anonymity is "exceedingly small." Call of the Wild Movie, LLC v. Does 1-1062 et al., — F. Supp. 2d —, 2011 WL 996786, *12 (D.D.C. Mar. 22, 2011). Based on the above discussion of the factors, the Court finds that the Plaintiff has demonstrated good cause to grant Plaintiff leave to conduct early discovery to identify the John Doe Defendants.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. #7) is **GRANTED**.

(2) Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A of the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, Motion, and this Order.

(3) Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

(4) Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable services over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed by sending a copy of the Complaint, the Motion and this Order to the Defendant.

(5) The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its consumers. If necessary, the Court shall resolve any disputes

between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

(6) Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record